MATTHEW W. GRIMSHAW, #210424
mgrimshaw@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Chapter 7 Trustee,
RICHARD A. MARSHACK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>DONALD WOO LEE and LINDA BAE LEE,<br><br>    Debtors<br><br>(Lead Case)<br><br>In re:<br><br>PRIME PARTNERS MEDICAL GROUP, INC.,<br><br>    Debtor.<br><br>RICHARD A. MARSHACK, Chapter 7 Trustee,<br>    Plaintiff,<br><br>vs.<br><br>FALLBROOK HOSPITAL CORPORATION, a Delaware corporation<br><br>    Defendant(s). | Case No.: 8:13-bk-17920-ES<br>[Lead Case]<br><br>Case No.: 8:13-bk-19404-ES<br>[Consolidated Case]<br><br>Chapter 7<br><br>Adv. No.<br><br>COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFERS<br><br>[11 U.S.C. §§ 544, 548, 550, and 551, and Cal. Civ. Pro. §§ 3439.04, 3439.05, *et al.*] |

/ / /

1

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFERS

306438v1/1015-080

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:

Richard A. Marshack, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estates ("Estates") of Donald Woo Lee ("Dr. Lee") and Linda Bae Lee ("Ms. Lee," collectively with Dr. Lee the "Lees") and Prime Partners Medical Group, Inc. ("PPMG") (collectively, the "Debtors") ("Plaintiff" or "Trustee") files this Complaint against FALLBROOK HOSPITAL CORPORATION ("Defendant" or "Fallbrook") and alleges as follows:

## JURISDICTION

1. On September 24, 2013, the Lees filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

2. On November 18, 2013, PPMG filed its own voluntary petition under Chapter 11 of Title 11 of the United States Code.

3. On May 23, 2014, the Court entered an order substantively consolidating PPMG's Chapter 11 proceeding into the Lees' Chapter 11 bankruptcy case (as consolidated, the "Estates").

4. In December 2014, the Riverside District Attorney filed a felony complaint against Dr. Lee and others ("Criminal Proceeding"). The Criminal Proceeding alleges wrongdoing in connection with various loans obtained by Dr. Lee in connection with Dr. Lee's other corporate entities, including Lake Elsinore Diagnostics Inc., Fallbrook Diagnostics, Inc. ("Fallbrook Diagnostic"), Temecula Diagnostics, Inc., etc.

5. As a result of the Criminal Proceeding, on December 19, 2014, Debtors and the United States Trustee ("UST") filed a stipulation ordering the UST to appoint a Chapter 11 Trustee pursuant to 11 U.S.C. § 1104(a) ("Trustee Stipulation").

6. On December 22, 2014, as Dk. No. 274, the Court entered an order granting the Trustee Stipulation. That same day, the UST appointed Richard A. Marshack as Chapter 11 Trustee of the Consolidated Cases.

7. On April 15, 2015, as Dk. No. 357, the Court entered an order converting the Consolidated Cases to a Chapter 7. On the same day, Plaintiff was appointed as the Chapter 7

Trustee for the Consolidated Cases.

8. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (F) (proceedings to determine, avoid, or recover preferences), and (O) (other proceedings affecting the liquidation of the assets of the estate). To the extent any claim for relief contained herein is determined to be a *Stern*-claim or not a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

9. This adversary proceeding is filed pursuant to 11 U.S.C. §§ 544, 548, 550, and 551 (a proceeding to avoid, recover, and preserve fraudulent transfers).

10. Plaintiff, as the Chapter 7 Trustee of the Debtors' bankruptcy Estates, is the sole and exclusive party with standing to bring this action pursuant to 11 U.S.C. § 323.

11. This Court has jurisdiction over the above-captioned adversary proceeding pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334 in that this civil proceeding arises in and relates to the substantively consolidated bankruptcy cases pending in the United States Court for the Central District of California, Santa Ana Division, entitled *In re Donald Woo Lee and Linda Bae Lee* and *In re Prime Partners Medical Group, Inc.*, and consolidated under assigned Case No. 8:13-bk-17920-ES.

12. Venue properly lies in the Central District of California in that this adversary proceeding arises in, arises under, or is related to a case under Title 11 of the United States Code as provided in 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

13. The Plaintiff is the duly appointed and acting Chapter 7 Trustee of the above-entitled estate under 11 U.S.C. § 702.

14. At all times relevant to this Complaint, Plaintiff alleges that PPMG is, and was, a corporation that was authorized to conduct business in the State of California.

15. At all times relevant to this Complaint, Plaintiff alleges that Fallbrook is, and was, a corporation that was authorized to conduct business in the State of California.

/ / /

## GENERAL ALLEGATIONS

16. At all times relevant to this Complaint, Dr. Lee is, and was, PPMG's principal and 100% owner.

17. Plaintiff is informed and believes, and thereon alleges, that Dr. Lee diverted PPMG's corporate funds for his own personal use, including, but not limited to payments to his family members and/or for his personal expenditures.

18. Plaintiff is informed and believes, and thereon alleges, that Dr. Lee diverted PPMG's corporate funds for the use by his other corporate entities, including, but not limited to Fallbrook Diagnostics.

19. Plaintiff is informed and believes, and based thereon alleges that PPMG made certain pre-petition payments to Fallbrook ("Transfers"). A true and correct copy of a spreadsheet describing the Transfers is attached here as Exhibit "1."

20. Plaintiff has questioned Dr. Lee and his staff regarding such payments, and both Dr. Lee and his staff informed the Trustee that such payments were not PPMG's obligations but rather the obligations of Dr. Lee personally or his other corporate entities, including, but not limited to Fallbrook Diagnostic.

21. Plaintiff is informed and believes, and based thereon alleges, that the Transfers represent payments made by PPMG his other corporate entities, and not for the benefit of Debtors.

22. Each of the Transfers is a "transfer" as that term is defined in 11 U.S.C. § 101(54).

23. Plaintiff alleges that Debtor was insolvent at the time the Transfers were made by PPMG to Defendant.

24. Plaintiff alleges that each of the Transfers caused general harm to creditors of the Debtor and did not create any damage particular to any of the Debtor's creditors.

### FIRST CLAIM FOR RELIEF

(Avoidance, Recovery, and Preservation of Intentional Fraudulent Transfers)

[11 U.S.C. §§ 544, 548(a)(1)(A), 550, and 551California Civil Code §§3439 *et seq.*]

25. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. During the four (4) year period prior to the November 18, 2013, petition date, Plaintiff alleges that PPMG made transfers of interests in property to Defendant totaling not less than $90,450.00, including but not limited to the transfers identified in Exhibit "1," with actual intent to hinder, delay, or defraud creditors to which it was indebted at the time of such transfer or to which it became indebted after the date of such transfer. These transfers are referred to herein as the "Actual Fraudulent Transfers."

27. PPMG did not receive reasonably equivalent value in exchange for each of the Actual Fraudulent Transfers.

28. PPMG was insolvent on the date of each of the Actual Fraudulent Transfers or became insolvent as a result of each of the Actual Fraudulent Transfers.

29. The Trustee may avoid the Actual Fraudulent Transfers made (a) during the four (4) year period prior to the November 18, 2013, petition date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) during the two (2) year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(A).

30. The Trustee may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

31. The Trustee may preserve all avoided transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## SECOND CLAIM FOR RELIEF

(Avoidance, Recovery, and Preservation of Constructive Fraudulent Transfers)

[11 U.S.C. §§ 544, 548(a)(1)(B), 550, and 551California Civil Code §§ 3439 *et seq.*]

32. Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 24 and 26 through 31, inclusive, as though fully set forth herein.

33. During the four (4) year period prior to the November 18, 2013, petition date, the Trustee alleges that PPMG made transfers of interests in property to Defendant totaling not less than

Case 8:15-ap-01465-ES    Doc 1    Filed 12/17/15    Entered 12/17/15 10:35:50    Desc
Main Document    Page 6 of 9

$90,450.00, including but not limited to the transfers identified in Exhibit "1," for less than reasonably equivalent value and while insolvent. These transfers are referred to herein as the "Constructive Fraudulent Transfers."

34. PPMG was insolvent on the date of each of the Constructive Fraudulent Transfers or became insolvent as a result of each of the Constructive Fraudulent Transfers, including:

    a) That at the time of each of the Constructive Fraudulent Transfers, PPMG was engaged in business or in a transaction, or was about to engage in business or in a transaction, for which any property remaining with PPMG was an unreasonably small capital; and/or

    b) PPMG intended to incur, or believed that it would incur, debts that would be beyond the PPMG's ability to pay as such debts matured.

35. Defendant knew or should have known that it did not give anything of value to PPMG in exchange for the Constructive Fraudulent Transfers. Defendant therefore did not take the Constructive Fraudulent Transfers for value and in good faith.

36. The Trustee may avoid the Constructive Fraudulent Transfers made (a) during the four (4) year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Civil Code § 3439 *et seq.*; and (b) during the two (2) year period prior to the Petition Date pursuant to 11 U.S.C. § 548(a)(1)(B).

37. The Trustee may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

38. The Trustee may preserve all avoided transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. § 551.

## PRAYER

WHEREFORE, Plaintiff prays that this Court enter Judgment as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. That each of the Actual Fraudulent Transfers occurring within 2 years of the Petition Date be avoided pursuant to 11 U.S.C. § 548(a)(1)(A);

COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDULENT TRANSFERS
306438v1/1015-080

2. That each of the Actual Fraudulent Transfers occurring with 4 years of the Petition Date be avoided pursuant to 11 U.S.C. §§ 544 and California Civil Code §§3439 *et seq.*;

3. That Plaintiff recover each of the avoided Actual Fraudulent Transfers or a money judgment in an amount equal to sum of each of the avoided Actual Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## ON THE SECOND CLAIM FOR RELIEF

4. That each of the Constructive Fraudulent Transfers occurring within 2 years of the Petition Date be avoided pursuant to 11 U.S.C. § 548(a)(1)(B);

5. That each of the Constructively Fraudulent Transfers occurring within 4 years of the Petition Date be avoided pursuant 11 U.S.C. §§ 544 and California Civil Code §§3439 *et seq.*;

6. That Plaintiff recover each of the avoided Constructive Fraudulent Transfers or a money judgment in an amount equal to the sum of each of the avoided Constructive Fraudulent Transfers pursuant to 11 U.S.C. § 550;

## ON ALL CLAIMS FOR RELIEF

7. That all avoided transfers be preserved pursuant to 11 U.S.C. § 551;

8. For pre-judgment interest at the maximum rate allowed by law;

9. For costs incurred by Plaintiff in prosecuting this action; and

For such other and further relief as the Court may deem just and proper.

Dated: December 17, 2015        MARSHACK HAYS LLP

　　　　　　　　　　　　　　　　　　*/s/ Matthew W. Grimshaw*
　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　MATTHEW W. GRIMSHAW
　　　　　　　　　　　　　　　　DAVID A. WOOD
　　　　　　　　　　　　　　　　Attorneys for Chapter 7 Trustee,
　　　　　　　　　　　　　　　　RICHARD A. MARSHACK

7
COMPLAINT FOR AVOIDANCE, RECOVERY, AND PRESERVATION OF FRAUDLENT TRANSFERS
306438v1/1015-080

EXHIBIT  1

| Date | Payee | Amount | Manner | Number | Acct. No. |
|---|---|---|---|---|---|
| 10/25/09 | Fallbrook Hospital | $9,000.00 | Check | Counter Ck | 2183161 |
| 11/24/09 | Fallbrook Hospital | $9,000.00 | Check | 6967 | 2183161 |
| 12/31/09 | Fallbrook Hospital | $9,000.00 | Check | 7019 | 2183161 |
| 08/08/10 | Fallbrook Hospital | $9,150.00 | Check | 7430 | 2183161 |
| 10/07/10 | Fallbrook Hospital | $36,000.00 | Check | 7500 | 2183161 |
| 05/31/11 | Fallbrook Hospital | $18,300.00 | Check | 7365 | 2183161 |
| | Total: | $90,450.00 | | | |

EXHIBIT 1, PAGE 8